```
FILED              RECEIVED
ENTERED            SERVED ON
         COUNSEL/PARTIES OF RECORD

         JUN - 6

CLERK US DISTRICT COURT
   DISTRICT OF NEVADA
BY:                      DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| ANTONIO JACKSON | )<br>) |
| Plaintiff, | ) 03:07-CV-0050-LRH (RAM)<br>) |
| vs. | )<br>) <u>ORDER</u> |
| RENT-A-CENTER-WESTE INC., | )<br>) |
| Defendants. | ) |

Presently before this court is a Motion to Dismiss Proceedings and Compel Arbitration (#6[1]) brought by Defendant Rent-A-Center West, Inc. Plaintiff Antonio Jackson has submitted opposition (#7), to which Defendant has subsequently replied (#8).

**FACTS AND PROCEDURAL HISTORY**

This issue arises out of a signed agreement to arbitrate entered into by Plaintiff Antonio Jackson and Defendant RAC. While employed by Defendant, Plaintiff repeatedly sought promotion to a higher position. After being passed over for promotion, Plaintiff complained to his store manager and spoke with Human Resources. Plaintiff was eventually promoted, however, his employment with Defendant was terminated within two months of his promotion. Plaintiff is alleging Defendant repeatedly passed him over for promotion based on his race. Additionally, Plaintiff alleges his termination was for retaliatory purposes.

As part of Plaintiff's employment with Defendant, Plaintiff executed an arbitration agreement. Under this Mutual Agreement to Arbitrate Claims, Plaintiff agreed to arbitrate all

---

[1] References to (#XX) refer to the court's docket.

"past, present, and future" claims or controversies concerning his employment with Defendant. The relevant portion of the agreement reads as follows:

> The Company and I mutually consent to the resolution by arbitration of all claims or controversies ('claims'), past, present, or future, whether or not arising out of my application for employment, assignment/employment, or the termination of my assignment/employment that the Company may have against me or that I have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise . . . .
>
> The only claims that are arbitrable are those that, in the absence of this agreement, would have been justiciable under applicable state or federal law. The claims covered by this Agreement include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for discrimination (including, but not limited to race, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, medical condition, handicap or disability) . . . .
>
> Except as otherwise provided in this Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit . . . in any way related to any claim covered by this Agreement.

The terms of the arbitration agreement provide that Plaintiff and Defendant will share the costs of arbitration equally. However, in the event a different allocation of costs is required by law to enforce the agreement, then such shall be the case. Additionally, Plaintiff agreed that the arbitrator will have final say over whether the Agreement to Arbitrate is enforceable. The arbitration agreement states:

> The Arbitrator, and not any federal, state, or local court or agency shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement including, but not limited to any claim that all or any part of this Agreement is void or voidable.

As a result of his termination, Plaintiff has filed suit. Defendant now moves to dismiss the proceedings and compel arbitration. Plaintiff opposes, claiming the Agreement to Arbitrate is unconscionable and therefore void.

## DISCUSSION

The Federal Arbitration Act (FAA) provides that agreements to arbitrate disputes in commercial settings "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In determining whether a dispute is subject to arbitration under the FAA, the court must determine whether a valid contract agreeing to arbitrate was formed. *United Steelworkers of America v. Warrior &*

*Gulf Nav. Co.*, 363 U.S. 574, 582 (1960). Where an arbitration agreement is found, such agreements are to be rigorously enforced. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999).

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *United Steelworkers*, 363 U.S. at 582. "[T]he '*question of arbitrability*,' is 'an issue for judicial determination unless the parties clearly and unmistakenly provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.* 537 U.S. 79, 83 (2002); *see also First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (2002). Where the contract agreeing to arbitrate is challenged as a whole, it is for the arbitrator to decide the validity of the agreement. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440; 126 S.Ct. 1204, 1208-09 (2006).

The Agreement to Arbitrate clearly and unmistakenly provides the arbitrator with the exclusive authority to decide whether the Agreement to Arbitrate is enforceable. Plaintiff challenges the agreement to arbitrate as a whole. Plaintiff claims it is void as unconscionable. When there is an agreement to arbitrate, the court cannot hear challenges to the contract as a whole. *Buckeye Check Cashing*, 126 S.Ct. at 1208-09.

As such, the question of arbitrability is a question for the arbitrator. Accordingly, as it appears a valid arbitration agreement exists which would compel arbitration on the underlying issue disputed by the parties, the court orders all claims concerning the validity of the underlying arbitration clause be submitted to arbitration as agreed to by the parties.

Furthermore, even if the court were to examine the merits of Plaintiff's assertion of unconscionablity, there appears to be a lack of evidence to suggest an unconscionable agreement. In determining whether an agreement to arbitrate is valid, federal courts should apply ordinary state-law governing the formation of a contract. *Ferguson v. Country Wide Credit Industries, Inc.*, 298 F.3d 778, 782 (9th Cir. 2002). Under Nevada law, an agreement to arbitrate must be both procedurally and substantively unconscionable for a court to preclude enforcement. *D.R. Horton, Inc. v. Green*, 120 Nev. 549, 553 (Nev. 2004). A clause is procedurally unconscionable when one party lacks a meaningful opportunity to agree to the terms because of unequal

bargaining power or because the effect of the agreement is not readily understandable. *Id.* at 554. An agreement to arbitrate is substantively unconscionable when the terms of the agreement are unfairly one-sided. *Id.*

Plaintiff argues that the Agreement to Arbitrate is substantively unconscionable because the plaintiff may have to unfairly pay burdensome arbitration costs. However, mere supposition about overly burdensome costs is not a sufficient reason to invalidate an arbitration agreement. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 92 (2000). The asserting party must show a likelihood of bearing the overly burdensome costs. Here, Plaintiff has offered no evidence to demonstrate a likelihood of overly burdensome expense. Additionally, the agreement to arbitrate expressly contains a clause allowing the apportionment of costs to be altered in the event the law requires a different allocation of costs to make the Agreement enforceable. Therefore, there appears to be nothing to suggest substantive unconscionablity. As a showing on both prongs of the test is required, the court has no need to examine procedural unconscionability.

Finally, Defendant has requested attorney's fees. However, Defendant has cited no authority permitting the court to award attorney's fees in a case such as this. Furthermore, the court finds no bad faith on the part of the Plaintiff in bringing this suit. Therefore, no attorney's fees shall be awarded.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Proceedings and Compel Arbitration (#6) is GRANTED.

IT IS FURTHER ORDERED that Defendant's request for attorney's fees (#6) is DENIED.

DATED this 6th day of June, 2007

_____
LARRY R. HICKS
United States District Judge